UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN BIRKLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0349** |
| **COURTYARDS GUEST HOUSE, ET AL.** | **SECTION: "N" (4)** |

## ORDER

Before the Court is Defendant Century Surety Company's **Motion to Compel Deposition of Plaintiff in New Orleans, Louisiana (R. Doc. 8)**, filed by Defendant Century Surety Company ("Defendant"), seeking an order compelling Plaintiff John Birkland ("Plaintiff") to appear in Louisiana for a deposition.

In response, Plaintiff filed a **Motion for FRCP Rule 26(c)(1) Protective Order to Allow Plaintiff to be Deposed in His Home State of Arizona (R. Doc. 11.)**  Defendant opposes this motion.  (R. Doc. 14.)  Both motions were heard with oral argument on Wednesday, October 5, 2011.

**I.      Factual Background**

This is a diversity action in which Plaintiff alleges that, while staying at the Courtyards Condominiums in New Orleans, Louisiana, his right knee was injured when he stepped out onto the balcony of his suite and his right foot and leg went through a board, trapping his foot and leg in the hole created by his foot. (R. Doc. 1-1, ¶ IV., *Petition for Damages*.).  Plaintiff further alleges that

his injuries were proximately caused by the negligence of the Defendants. (R. Doc. 1-1, ¶ VII., *Petition for Damages*.)  Plaintiff seeks monetary damages for his medical expenses, pain and suffering, and loss of income. (R. Doc. 1-1, ¶ IX., *Petition for Damages*.)

As to the instant motions, Defendant filed a motion to compel seeking an order from this Court requiring Plaintiff to appear in Louisiana for a deposition. Defendant argues that Plaintiff should be required to appear for a deposition in the forum in which he filed suit. Defendant further argues that it should not be required to incur the cost and expense of traveling to and deposing Plaintiff in the city in which he currently resides, Yuma, Arizona.

In response, Plaintiff filed a motion for protective order seeking an order from this Court allowing Plaintiff to be deposed in Arizona. Plaintiff alleges that forcing him to travel from his home to Louisiana would cause him undue burden and expense. Plaintiff further alleges that he was recently terminated from his job as a security guard, and has no medical insurance to pay for necessary medical treatment. Thus, he does not have the money to fly to Louisiana and pay for a hotel room and other travel expenses. In the alternative, Plaintiff suggests Defendant take his deposition via telephone or video conference.

On September 21, 2011, this Court ordered that Plaintiff provide it with documentary evidence of (1) the identity of his former employer, (2) the length of his employment; (3) the date and reason(s) for his termination; and (4) certification of the balance of available funds and identification of the corresponding financial account(s). (R. Doc. 15.) In response, Plaintiff filed a supplemental memorandum in which he states asserts: (1) his former employer is Hospital Shared Services located at 900 S. Broadway, Suite 100, Denver, Colorado 80209; (2) he was employed by Hospital Shared Services at their contracted site, Yuma Regional Medical Center in Yuma, Arizona,

from August 15, 2003 until June 16, 2011; and (3) he was terminated by Hospital Shared Services on June 16, 2011 for violation of company policy.  (R. Doc. 17-3.)

Attached to Plaintiff's supplemental memorandum are copies of electronic print outs from Plaintiff's checking and savings accounts.  (R. Doc. 17-4.)  Both copies are signed by "Zach Slette" of Wells Fargo Bank.  According to the copies, Plaintiffs checking and savings account balances are $75.31 and $29.87, respectively.  (R. Doc. 17-4.)  The copies also indicate that Plaintiff has a credit card with Wells Fargo Bank.  (R. Doc. 17-4.)  However, Plaintiff failed to provide the Court with information about this credit card account, including the available balance.

## II.  Standards of Review

### A.  Deposition Location

As a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought.  *Xavier v. Belfor USA Group, Inc.*, Nos. 06-0491, 06-7804 & 08-3736, 2009 U.S. Dist. LEXIS 92179, at * 21-23 (E.D. La. Oct. 2, 2009); *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200, 2006 U.S. Dist. LEXIS 44951, at *10-11 (D. Kan. June 30, 2006) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."); *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988) ("Because the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district.").  The Court has considerable discretion in determining the place of a deposition, and may consider the relative expenses of the parties. *Thiessen v. United States Forest Serv.*, No. 09-0789, 2011 U.S. Dist. LEXIS 59943 (E.D. Cal. June 6, 2011); *Resolution Trust corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992).  However, absent a specific showing of hardship tied to an individual's circumstances, a

general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted. *Caraway v. Chesapeake Exploration, LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010) (citing *Williams*, 2006 U.S. Dist. LEXIS 44951, at *10-11). The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship. *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203, 2007 U.S. Dist. LEXIS 13078, at *5-6 (D. Kan. February 22, 2007) (quotations omitted).

### B. Protective Order

The decision to enter a protective order is within the court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . .

Fed.R.Civ.P. 26(c)(1). Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*, No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D.La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

**III.    Analysis**

Defendant argues that Plaintiff should be required to appear for a deposition in the forum in which he filed suit. Defendant further argues that telephone depositions are not recommended when deposing a plaintiff because the inquirer cannot see the plaintiff, read his non-verbal cues, or tell whether the plaintiff is being coached. Defendant further argues that it should not be required to incur the cost and expense of traveling to and deposing Plaintiff in Arizona. Finally, Defendant argues that telephone or video conference depositions are not recommended, and unwarranted absent proof of extreme hardship.

In response, Plaintiff argues that traveling to Louisiana would be an extreme hardship. When determining whether extreme hardship exists, courts consider the party's (1) age; (2) physical condition; (3) finances; and (4) other factors that might result in extreme hardship. *See e.g. Caraway*, 269 F.R.D. at 628; *Srebnik v. Dean*, No. 05-1086, 2006 U.S. Dist. LEXIS 41070, (D. Colo. June 20, 2006) (finding evidence of extreme hardship where a seventy two year old man with a history of coronary artery disease who suffered two heart attacks and had triple bypass surgery was being requiring to travel to a different city for a deposition); *Arce-Mendez v. Eagle Produce P'ship, Inc.*, No. 05-3857, 2009 U.S. Dist LEXIS 29884, at *12 (D. Ariz. March 27, 2009) (finding evidence of extreme hardship where the plaintiff had a yearly income of $8, 000, which he used to support himself as well as his wife and four children, all of whom were unemployed). Plaintiff's argument is based on his finances.

Plaintiff argues that he cannot afford to travel to Louisiana for a deposition due to his recent termination. Copies of Plaintiff's bank statements show he only has about $100 in his bank accounts. Plaintiff also claims he does not have medical insurance to pay for medically necessary

surgery on his knee. During the hearing, the Court was advised that Plaintiff has suffered two torn meniscus ligaments. However, after inquiring about the Plaintiff's marital status and his wife's occupation, Plaintiff's counsel advised the Court that Plaintiff is married, and that Plaintiff's spouse works as a registered nurse. Under these circumstances, Plaintiff has not presented sufficient evidence of extreme hardship. Thus, the Plaintiff's motion is denied. *Williams*, 2006 U.S. Dist. LEXIS 44951, at *11.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for FRCP Rule 26(c)(1) Protective Order to Allow Plaintiff to be Deposed in His Home State of Arizona (R. Doc. 11.)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** Defendant Century Surety Company's **Motion to Compel Deposition of Plaintiff in New Orleans, Louisiana (R. Doc. 8)** is hereby **GRANTED**.

New Orleans, Louisiana, this 6th day of October.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**